UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————————————

JOSE A. MORILLO, JR.,

                              Plaintiff,

                                                        5:17-cv-01125
v.                                                      (GTS/TWD)

TREXX,

                              Defendant.
———————————————————————————

APPEARANCES:

JOSE A. MORILLO, JR.
Plaintiff, *pro se*
814 W. Belden Ave.
Syracuse, NY 13204

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

### <u>ORDER AND REPORT-RECOMMENDATION</u>

        The Clerk has sent to the Court for initial review the complaint in this action brought by

*pro se* Plaintiff Jose A. Morillo, Jr., against Defendant Trexx, along with an application to

proceed *in forma pauperis* ("IFP Application").  (Dkt. Nos. 1, 2.)  On October 16, 2017, Plaintiff

filed an amended complaint and a second IFP application.  (Dkt. Nos. 4, 5.)  Also before the

Court is Plaintiff's motion for appointment of counsel.  (Dkt. No. 6.)

## I.      IFP APPLICATION

        A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee

for commencing an action.  28 U.S.C. § 1915(a)(1) (2006).  After reviewing Plaintiff's first and

second IFP Applications, the Court finds that he meets this standard.  Therefore, Plaintiff's first

IFP Application (Dkt. No. 2) is granted and the second IFP Application (Dkt. No. 5) is denied as moot.

## II.    LEGAL STANDARD FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).  Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id*. (internal quotation marks and citation omitted).  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted).  A *pro se* complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.    PLAINTIFF'S AMENDED COMPLAINT

On October 10, 2017, Plaintiff commenced this action by filing a document titled "30 Day Notice Intent to File Suit" against Defendant Trexx.  (Dkt. No. 1.)  On October 16, 2017, Plaintiff filed a document titled "Amended 30 Day Notice Intent to File Suit" against Defendant

Trexx. (Dkt. No. 4.) The Court construes Plaintiff's "Amended 30 Day Notice Intent to File Suit" as the operative pleading in this action. *Id.*

According to Plaintiff, on March 13, 2015, when he was exiting Trexx, located at 323 North Clinton Street, in Syracuse, New York, he was assaulted by "numerous unknown persons." (Dkt. No. 4.) Plaintiff received "no assistance" from Trexx's security during the assault and Plaintiff even "had to call for rescue" himself. *Id.* After the incident, Plaintiff was rushed to the hospital for emergency eye surgery. *Id.* Plaintiff has "been suffering . . . ever since" the assault. *Id.* Plaintiff claims:

> had the security acted equally in protecting me as it has for its own
> interests, staff & the cash register then, this horrific and cruel &
> unusual hardship I was forced to endure would have never happen
> and at least to this extent if equal protection of at least their cash
> register had on the day of this my brutal assault.

*Id.* (unaltered text). Plaintiff demands one million dollars and requests that Defendant Trexx "respond in 30 day(s) or render up your settlement offer(s) as time is of the essence." *Id.*

In the attached Civil Cover Sheet, Plaintiff indicates he brings this action pursuant to N.Y. C.P.L.R. §§ 1411, 214, and 214(3) and describes this cause of action as "civil, human, other bodily harm." (Dkt. No. 4-1.) As the basis for jurisdiction, Plaintiff has checked the box indicating that the "U.S. Government" is the plaintiff. *Id.* For diversity purposes, Plaintiff indicates he is a citizen of this State and that Defendant Trexx's principal place of business is in this State. *Id.*

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

The subject matter of the federal courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal

question" is presented under § 1331 or when the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 under § 1332. A federal court has an independent obligation to determine whether subject matter exists, even in the absence of a challenge to jurisdiction by a party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see, e.g.*, *Smith ex. rel. Bey v. Kelly*, No. 12-CV-2319 (JS)(AKT), 2012 WL 1898944, at *2 (E.D.N.Y. May 24, 2012[1]) (court is obligated to analyze whether subject matter jurisdiction exists as a part of § 1915(e) initial review and to dismiss the complaint when subject matter jurisdiction is found lacking).

1.    Federal Question

In order to invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). The allegations in Plaintiff's amended complaint do not cite any federal authority as the basis for his claims. (Dkt. No. 4.) To the contrary, Plaintiff's Civil Action Sheet references New York State's comparative negligence statute, N.Y. C.P.L.R. § 1411, and the statute of limitations for personal injury action, N.Y. C.P.L.R. § 211, neither of which confer federal subject matter jurisdiction. (*See* Dkt. No. 4-1.) The federal nature of Plaintiff's claims is not otherwise apparent, nor can it be inferred from the allegations in the amended complaint.

Construing Plaintiff's papers liberally and interpreting them to "raise the strongest arguments that they suggest," the Court has also considered whether Plaintiff states a claim

---

[1]  Copies of unpublished decisions will be provided to Plaintiff in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010). Section 1983 "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). It is well settled that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).

Here, there can be no claim against Defendant Trexx under § 1983 because there is no showing that the conduct alleged against Trexx was committed by a person acting under color of state law or that such conduct may be attributed to the state. *See e.g.*, *Yuan v. Tops Mkt., LLC*, No. 5:10-CV-1251 (NAM/ATB), 2016 WL 164314, at *1 (N.D.N.Y. Jan. 12, 2016) (dismissing § 1983 claim against private party for lack of subject matter jurisdiction) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)); *Pace v. Waterbury Police Dep't*, No. 3:17-CV-00426(DJS), 2017 WL 1362683, at *3-4 (D. Conn. Apr. 12, 2017) (dismissing §1983 claim against security guard employees of defendant night club that allegedly witnessed assault and did not call for medical assistance for the plaintiff for lack of subject matter jurisdiction).

The Court has not been able to determine any other basis for federal question jurisdiction. For these reasons, the Court does not have federal question jurisdiction under 28 U.S.C. § 1331.

2.     Diversity

As noted above, district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and is between "citizens of different States."  28 U.S.C. § 1332(a)-(1).  To establish jurisdiction under § 1332, diversity must be complete.  *See Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [is required] between all plaintiffs and all defendants.")  Therefore, Plaintiff must allege that he and Defendants are citizens of different states.  He has not done so, nor could he inasmuch as Plaintiff resides Syracuse, New York and Defendant Trexx's principal place of business is located at 323 North Clinton Street in Syracuse, New York.  (Dkt. No. 1-1.[2])  Because both Plaintiff and Defendant Trexx are citizens of New York State, diversity jurisdiction is lacking.

Based upon the forgoing, there is no basis for the Court to exercise federal subject matter jurisdiction over the case.  "When a court lacks subject matter jurisdiction, dismissal is mandatory."  *Burke v. Vonnard*, No. 5:15-CV-1133 (MAD/TWD), 2016 WL 3176653, at *4 (N.D.N.Y. June 7, 2016) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).  Therefore, the Court recommends dismissal for lack of subject matter jurisdiction.

3.     Supplemental

A federal court may, in its discretion, exercise supplemental jurisdiction over a state law claim, but only to the extent it is accompanied by a claim over which the court has original jurisdiction.  *See* 28 U.S.C. § 1367 ("[E]xcept [in limited circumstances], in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related[.]").  Inasmuch as the Court is recommending

---

[2]  *See also* http:trexxonline.com (last visited Nov. 6, 2017).

7

dismissal of this action for lack of subject matter jurisdiction, the Court also recommends declining to exercise supplemental jurisdiction over any state law claims against Defendant Trexx without prejudice and subject to refiling in state court.[3]

**B.    Leave to Amend**

Ordinarily, given Plaintiff's *pro se* status, the Court would recommend that he be given an opportunity to amend prior to an outright dismissal.  *See Cuoco*, 222 F.3d at 112.  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Id.*  Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637 (GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the Court recommends dismissal without leave to amend.

**V.    MOTION FOR APPOINTMENT OF COUNSEL**

Inasmuch as the Court is recommending dismissal for lack of subject matter jurisdiction, Plaintiff motion for appointment of counsel (Dkt. No. 6) is denied without prejudice.

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED** that Plaintiff's first IFP Application (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**; and it is

**ORDERED** that Plaintiff's second IFP Application (Dkt. No. 5) is **DENIED AS MOOT**; and it is

**RECOMMENDED** that the amended complaint (Dkt. No. 4) be **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction; and it is

---

[3]  Under New York law, a negligence claim is governed by a three-year statute of limitations. *See* N.Y. C.P.L.R. § 214.  Generally, this limitations period begins to run from the date of the alleged negligence act.  This Court expresses no opinion on Plaintiff's state law claims, if any.

**RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over any state law claims without prejudice subject to refiling in state court; and it is

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 6) is denied without prejudice; and it is

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff, along with a copy of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: November 6, 2017
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Case 5:17-cv-01125-GTS-TWD    Document 8    Filed 11/06/17    Page 10 of 31

Smith ex rel. Bey v. Kelly, Not Reported in F.Supp.2d (2012)

2012 WL 1898944

2012 WL 1898944
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Matthew R. SMITH, ex rel. Kasiin Ali BEY, Plaintiff,
v.
Chris Ann KELLY, Defendant.

No. 12–CV–2319 (JS)(AKT).
|
May 24, 2012.

**Attorneys and Law Firms**

Matthew R. Smith, Ex Rel., Kasiin Ali Bey, Central Islip,
NY, pro se.

No Appearance, for Defendant.

*ORDER*

SEYBERT, District Judge.

**\*1** Before the Court is the fee paid Complaint of *pro
se* plaintiff Matthew R. Smith, ex rel. Kasiin Ali Bey
("Plaintiff") filed pursuant to 42 U.S.C. § 1983 against
the defendant, Hon. Chris Ann Kelley, Acting County
Court Judge, Suffolk County District Court, 10th Judicial
District (the "Defendant").[1] Notwithstanding Plaintiff's
payment of the filing fee, for the reasons that follow, the
Plaintiff's Complaint is *sua sponte* DISMISSED pursuant
to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

---

[1]    The correct spelling of Judge Kelley's last name
       includes the letter "e" before the "y." Plaintiff is
       inconsistent in the spelling of this name, sometimes it
       is "Kelly" and elsewhere it is "Kelley." To avoid any
       confusion, the Court corrects the spelling of Judge
       Kelley's name in the caption and the Clerk of the
       Court is directed to so amend the caption.

*BACKGROUND*

Plaintiff, who is alleged to be of Moorish–American
nationality, seeks to recover monetary damages allegedly
incurred as a result of being ordered by Judge Kelley
to submit to a mental health examination on May

11, 2012. As the Court can best discern, Plaintiff is
defending himself in an on-going criminal prosecution
in the Suffolk County District Court. According to the
Complaint, during an appearance before Judge Kelley on
May 4, 2012, Plaintiff was ordered to undergo a mental
evaluation. Plaintiff describes that, under the authority
of the "Zodiac Constitution," and in accordance with the
"Peace and Friendship Treaty of 1836," the state court
lacks jurisdiction over him given that he is a Moorish–
American.

According to the Complaint, Plaintiff requested that
Judge Kelley provide Plaintiff with a "citation of authority
to presume jurisdiction over a Moorish American and to
state the court's jurisdiction for the record." Compl. at ¶
5. Plaintiff alleges that Judge Kelley failed to do so and
therefore now Plaintiff "demand[s] [that] all proceedings
cease until CHRIS ANN KELLEY properly established
jurisdiction for the record." Compl. at ¶ 6. Plaintiff seeks
to recover $100,000.00 for "libel" as well as $800 .00
for "filing, service and handling" and "daily interest for
enduring encumbrance of the present libel" of $1,000.00
per day.

*DISCUSSION*

I. *Standard of Review*
A district court is required to dismiss a complaint if the
action is frivolous or malicious; fails to state a claim on
which relief may be granted; or seeks monetary relief
against a defendant who is immune from such relief. *See*
28 U.S.C. § 1915(e)(2)(B) (i-iii); *Abbas v. Dixon,* 480 F.3d
636, 639 (2d Cir.2007). Regardless of whether a plaintiff
has paid the filing fee, a district court should dismiss a
complaint, sua *sponte,* if it determines that the action is
frivolous. *Fitzgerald v. First East Seventh Street Tenants
Corp.,* 221 F.3d 362, 363–64 (2d Cir.2000). The Court is
required to dismiss the action as soon as it makes such a
determination. 28 U.S.C. § 1915A(a).

An action is "frivolous" when either: (1) " 'the factual
contentions are clearly baseless,' such as when allegations
are the product of delusion or fantasy," or (2) "the claim
is 'based on an indisputably meritless legal theory.' "
*Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437
(2d Cir.1998) (internal citations omitted). It is axiomatic
that *pro se* complaints are held to less stringent standards
than pleadings drafted by attorneys and the Court is

2012 WL 1898944

required to read the plaintiff's *pro se* complaint liberally, *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); *Chavis v. Chappius,* 618 F.3d 162 (2d Cir.2010), and to construe them " 'to raise the strongest arguments that [they] suggest [ ].' " *Chavis,* 618 F.3d at 170 (quoting *Harris v. City of New York,* 607 F.3d 18, 24 (2d Cir.2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir.2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)); *see also Jackson v. Birmingham Board of Education,* 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

**\*2** Further, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). There is an independent obligation for a federal court to "determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006) (citation omitted). When a federal court concludes that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. Fed.R.Civ.P. 12(h)(3).

## II. *Application*
Having carefully reviewed Plaintiff's Complaint, the Court finds that it fails to state a plausible claim. As a threshold matter, Plaintiff has not properly invoked this Court's subject matter jurisdiction. Plaintiff has not alleged a federal question nor has he satisfied the diversity requirement because Plaintiff, an alleged New York resident, seeks to sue a New York Defendant, namely Judge Kelley, Acting County Court Judge, Suffolk County District Court, 10th Judicial District.

Even if the Court's subject matter jurisdiction were established, which it is not, the Complaint must be dismissed because it is frivolous. Liberally read, *see Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66

L.Ed. 163 (1980), the gravamen of Plaintiff's Complaint is that he is not subject to the jurisdiction of the New York state court and therefore does not have to comply with the order entered by Judge Kelley. The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside. *See, e.g., Bey v. Jamaica Realty,* No. 12–CV–1241(ENV), 2012 WL 1634161, *1 n. 1 (E.D.N.Y. May 9, 2012) (citing *Bey v. Am. Tax Funding,* No. 11–CV–6458, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012); *Gordon v. Deutsche Bank,* No. 11–CV–5090, 2011 WL 5325399, at *1 n. 1 (E.D.N.Y. Nov. 3, 2011); *see also Bey v. City of Rochester,* 2012 WL 1565636, at *8 (W.D.N.Y. Apr. 30, 2012); citing *El–Bey v. North Carolina,* No. 5:11–CV–0423FL, 2012 WL 368374, at *2 (E.D.N.C. Jan. 9, 2012) (unpublished) ("[A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."), recommendation adopted, 2012 WL 368369 (E.D.N.C. Feb. 3, 2012) (unpublished); *Bey v. American Tax Funding,* No. 11–CV–6458(CJS), 2012 WL 1498368, at *6 (W.D.N.Y. Apr. 27, 2012) ("[Plaintiffs'] purported status as a Moorish–American citizen does not enable him to violate state and federal laws without consequence."); *Gordon v. Deutsche Bank Nat. Trust Co.,* No. 11–CV–5090 (WFK), 2011 WL 5325399, *1, n. 1 (E.D.N.Y. Nov. 3, 2011) ("Plaintiff's suggestion that as a member of the 'Moorish–American' nation he is immune from the laws of the United States is misguided") (citing *Bey v. Bailey,* No. 09–CV–8416, 2010 WL 1531172, at *4 (S.D.N.Y.Apr.15, 2010) ("petitioner's claim that he is entitled to ignore the laws of the State of New York by claiming membership in the 'Moorish–American' nation is without merit ....") (add'l citation omitted).

**\*3** Because the Court is required to dismiss a civil action "at any time of the court determines that ... the action ... is frivolous," Plaintiff's Complaint is dismissed. The instant Complaint is clearly frivolous given Plaintiff's claim that he is not subject to the jurisdiction of the New York state court because he is a Moorish American. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (a claim is "frivolous" if it lacks an arguable basis in either law or fact). Clearly, the allegations in the instant Complaint are based upon an indisputably meritless legal theory and are thus dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)B)(i).

2012 WL 1898944

Even if the Plaintiff's claims were not frivolous, Plaintiff cannot recover damages from the Defendant, a sitting New York State Court Judge, Suffolk County District Court, since as a judge, she is entitled to absolute judicial immunity as well Eleventh Amendment Immunity. *Mahapatra v. Comstock,* 141 F.3d 1152 (2d Cir.1998) ("[T]he district court properly dismissed the claims for damages based on absolute immunity [because] [j]udges are shielded from liability for civil damages for judicial acts performed in their judicial capacities.") (citing *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 53–55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Given that the Complaint is based on an indisputably meritless legal theory, the Court declines to afford Plaintiff leave to amend his Complaint, as any amendment would be futile. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in *forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

### CONCLUSION

For the reasons set forth above, the Complaint is *sua sponte* dismissed with prejudice. The Clerk of the Court is directed to close this case.

SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 1898944

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2016 WL 164314
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Keyue Yuan, Plaintiff,

v.

Tops Market, LLC; The Penn Traffic Company;
Officer Hollenbeck; and Officer Haines, Defendants.

5:10-CV-1251 (NAM/ATB)
|
Signed 01/12/2016

**Attorneys and Law Firms**

Keyue Yuan, 940 E. State Street, Ithaca, New York 14850,
Plaintiff, pro se.

Dixon & Hamilton LLP, Michael B. Dixon, Esq., of
counsel, 2350 North Forest Road, Suite 18A, Getzville,
New York 14068-1296, Attorney for defendants Tops
Market, LLC and The Penn Traffic Company.

**MEMORANDUM-DECISION AND ORDER**

Hon. Norman A. Mordue, Senior U.S. District Judge

On October 6, 2015, upon dismissing all claims against
Officers Hollenbeck and Haines, the Court directed the
parties to brief the question of whether plaintiff has a
cause of action against the remaining defendants under
42 U.S.C. § 2000a or any other federal statutory or
constitutional provision (Dkt. No. 102). In the same
Order, the Court directed the remaining defendants, Tops
Market, LLC ("Tops") and The Penn Traffic Company
("Penn Traffic"), to submit papers addressing whether
they are citizens of New York State for purposes of
diversity jurisdiction (Dkt. No. 102). Tops and Penn
Traffic submitted a Memorandum (Dkt. No. 105). On
December 1, 2015, having received no submission from the
*pro se* plaintiff, the Court issued an Order (Dkt. No. 106)
directing defendants to file proof of service on plaintiff
of their Memorandum and advising plaintiff that, if he
wishes to submit any response to the Memorandum (Dkt.
No. 105) filed by Tops and Penn Traffic, he must do so
on or before December 28, 2015. The Court has received a
signed certified mail receipt showing that plaintiff received

the Court's December 1, 2015 Order on December 15,
2015. Plaintiff has submitted no response.

Defendants' unrefuted submissions establish that this
Court lacks subject-matter jurisdiction. The Court takes
judicial notice of public filings in the Chapter 11 case *In re
The Penn Traffic Company*, 09-14078, in the United States
Bankruptcy Court for the District of Delaware, pursuant
to which all holdings of Penn Traffic were liquidated and
distributed to creditors. The bankruptcy case, commenced
on November 18, 2009, was closed on November 4, 2015.
Penn Traffic is no longer a proper defendant and all claims
against it are dismissed.

The submissions by Tops, including its Articles of
Organization dated September 15, 2000, demonstrate that
it is a limited liability company located in Williamsville,
Erie County, State of New York. For purposes of diversity
jurisdiction, a corporation shall be deemed to be a citizen
of any State by which it has been incorporated and of
the State where it has its principal place of business; thus,
Tops is a citizen of New York State. *See* 28 U.S.C. §
1332(c)(1). According to the record, plaintiff has been
domiciled in New York State throughout this action and
thus is a citizen thereof. *See Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x
135, 137 (2d Cir. 2010). Because both plaintiff and Tops
(now the sole remaining defendant) are citizens of New
York State, diversity jurisdiction is lacking.

There is no other basis for this Court to exercise
federal subject-matter jurisdiction over the case. Upon
review of the entire record, in particular the deposition
testimony of plaintiff and the videos of the incident
in issue, and construing plaintiff's papers liberally and
interpreting them "to raise the strongest arguments that
they suggest," *McPherson v. Coombe*, 174 F.3d 276, 280
(2d Cir. 1999), the Court concludes that plaintiff has no
remaining claim under federal law. There can be no claim
against Tops under 42 U.S.C. § 1983, because there is
no showing that the conduct alleged against Tops was
committed by a person acting under color of state law
or that such conduct may be attributed to the state.
*See Sybalski v. Independent Grp. Home Living Program,
Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). In addition,
plaintiff has no viable claim under Title II of the Civil
Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a, *et
seq.*, which prohibits discrimination in places of public
accommodation. Leaving aside the questions of whether

Tops is a place of public accommodation, *see* 42 U.S.C. § 2000a(b), and whether plaintiff has complied with any applicable New York State notice provision, *see* 42 U.S.C. § 2000a-3(c), the Court finds that plaintiff cannot pursue a Title II claim because he seeks only monetary damages, which are not available under that title. *See* 42 U.S.C. § 2000a-3 ("Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction ... may be instituted by the person aggrieved[.]"); *Newman v. Piggie Park Enterprises, Inc*., 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages. If he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority."); *Macer v. Bertucci's Corp*., 2013 WL 6235607, at *7 (E.D.N.Y. Dec.3, 2013) (dismissing Title II complaint where plaintiff sought only damages; noting that plaintiff lacked standing to seek injunction, because plaintiff failed to show "real and immediate threat of repeated injury"). There is no ground for federal-question jurisdiction under 28 U.S.C. § 1331.

**\*2** Having found that it lacks subject-matter jurisdiction over plaintiff's federal claims, the Court in its discretion declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c) (3) ( "The district courts may decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction[.]"). In view of the nature of the case and its procedural posture, the Court finds that judicial economy, convenience, and comity militate against exercising jurisdiction over the remaining state law claims. *See Kolari v. New York-Presbyterian Hosp*., 455 F.3d 118, 119 (2d Cir. 2006). Because this case was commenced in state court, the Court remands the state law claims against Tops to the New York State Supreme Court, Tompkins County, where the case was originally filed. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 308 (2d Cir. 2003) ("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed.").

It is therefore

ORDERED that the claims against The Penn Traffic Company case are dismissed with prejudice; and it is further

ORDERED that the Court lacks subject-matter jurisdiction over the remaining claims against Tops Market, LLC; and it is further

ORDERED that the state law claims against Tops Market, LLC are remanded to New York State Supreme Court, Tompkins County, for further proceedings; and it is further

ORDERED that the case in this Court is closed; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order on plaintiff by certified mail, return receipt requested.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2016 WL 164314

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2017 WL 1362683
Only the Westlaw citation is currently available.
United States District Court,
D. Connecticut.

John PACE

v.

WATERBURY POLICE DEPARTMENT, et al.

Civ. No. 3:17CV00426(DJS)
|
Signed 04/12/2017

**Attorneys and Law Firms**

John Pace, Oakville, CT, pro se.

**RECOMMENDED RULING**

HON. SARAH A. L. MERRIAM, UNITED STATES
MAGISTRATE JUDGE

 **\*1** This matter is before the Court on an initial review of
the Complaint [Doc. #1] and Motion for Leave to Proceed
in Forma Pauperis [Doc. #2] filed by self-represented
plaintiff John Pace ("plaintiff"). For the reasons set
forth below, plaintiff's Motion for Leave to Proceed in
Forma Pauperis [**Doc. #2**] is **GRANTED**. Upon review,
the Court recommends that the Complaint [**Doc. #1**] be
**DISMISSED, in part**, pursuant to 28 U.S.C. § 1915(e)(2)
(B)(ii).

**I. Background**

Plaintiff brings this action pursuant to 42 U.S.C. section
1983 against defendants Waterbury Police Department;
John Doe Officer 1; John Doe Officer 2; and Sin City
Nightclub. See Doc. #1 at 1. The allegations in plaintiff's
Complaint stem from an incident on July 6, 2014, at
the defendant Sin City Nightclub ("Sin City") in Waterbury,
Connecticut. See generally Doc. #1. Plaintiff claims that
he was attending a concert at Sin City. See id. at 1.
Upon stepping outside to smoke a cigarette, plaintiff was
approached by Sin City security guards, who informed
plaintiff that he was not permitted to smoke where he
was standing. See id. Plaintiff alleges that he was then
"[s]uddenly without warning" pushed down the steps by
defendants John Doe Officer 1 and John Doe Officer 2

(collectively, "John Doe Officers"). Id. Plaintiff claims
that he was subjected to excessive force by the John
Doe Officers during the course of his arrest, and that
said officers refused plaintiff's request for an ambulance.
See id. at 2. Plaintiff alleges that the Sin City security
guards witnessed the incident but did not call for medical
assistance for plaintiff. See id. Plaintiff was placed in the
back of a police wagon and brought to the police station.
See id. Once at the station, plaintiff notified the officers of
his injuries but was not provided medical assistance. See
id. Plaintiff claims that he was bleeding and in pain for two
hours. See id. Plaintiff seeks compensatory and punitive
damages, and attorney's fees. Simultaneously with his
Complaint, plaintiff filed a Motion for Leave to Proceed
in Forma Pauperis. [Doc. #2].

**II. Motion for Leave to Proceed in Forma Pauperis [Doc.
#2]**

Plaintiff has filed a motion seeking to proceed without
payment of fees and costs, along with a financial affidavit.
[Doc. #2]. Plaintiff asserts that he is unable to pay fees and
costs, as he has no monthly income. See id. at 3-5. Plaintiff
also asserts that he has no assets, cash or securities on
hand. See id. at 3-4. At this stage, such allegations are
sufficient to establish that the plaintiff "is unable to pay"
the ordinary filing fees required by the Court. 28 U.S.C. §
1915(a)(1). Accordingly, the plaintiff's Motion for Leave
to Proceed in Forma Pauperis [**Doc. #2**] is **GRANTED**.

**III. Initial Review**

**A. Standard of Review**

The determination of whether an in Forma Pauperis
plaintiff should be permitted to proceed under 28 U.S.C.
§ 1915 involves two separate considerations. The Court
must first determine whether the plaintiff may proceed
with the action without prepaying the filing fee in full.
See 28 U.S.C. § 1915(a). The Court has already addressed
that issue. Second, section 1915 provides that "the court
shall dismiss the case at any time if the court determines
that" the case "is frivolous or malicious" or "fails to state
a claim on which relief may be granted[.]" 28 U.S.C. §
1915(e)(2)(B)(i),(ii). In the interest of efficiency, the Court
reviews complaints under this provision shortly after filing
to determine whether the plaintiff has stated a cognizable,
non-frivolous claim.

**\*2** The Court construes complaints filed by self-represented plaintiffs liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court exercises caution in dismissing a case under section 1915(e) because a claim that the Court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will permit a self-represented plaintiff who is proceeding in Forma Pauperis to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

**B. Discussion**

Plaintiff brings this action pursuant to section 1983, which creates a federal cause of action against any person who, under color of state law, deprives a citizen or a person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or laws of the United States. See 42 U.S.C. § 1983. The Court construes plaintiff's complaint as asserting claims of: (1) excessive force in violation of the Fourth Amendment; (2) deliberate indifference to medical needs in violation of plaintiff's Fourteenth Amendment due process rights; (3) intentional infliction of emotional distress, in violation of state law; and (4) negligence, in violation of state law.

**1. John Doe Officer Defendants**

The Court turns first to plaintiff's claims against the John Doe Officers. Plaintiff alleges that, during the course of his arrest, the John Doe Officers knocked him down the stairs, grabbed him by the throat, threw him to the ground, kicked him, kneed him, and slammed his head and chin against the ground repeatedly. See Doc. #1 at 1-2. The Court finds that plaintiff has sufficiently alleged a claim of excessive force in violation of plaintiff's Fourth Amendment rights against the John Doe Officers.

Plaintiff further claims that the officers refused his request for an ambulance at the scene; this request was again refused at the police station. See id. at 2. "[T]he Due Process Clause requires the government to provide medical care to persons injured while being apprehended by police." Zipoli v. Caraballo, 603 F. Supp. 2d 399, 404

(D. Conn. 2009) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). This "constitutional obligation is met by seeing that the arrestee is taken promptly to a hospital that provides the treatment necessary for his injury." Id. at 404 (quotation marks and citation omitted). Thus, it is the due process clause of the Fourteenth Amendment, not the Eighth Amendment, that is implicated by plaintiff's allegations that he was denied medical attention on the date of the alleged incident. See Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996) ("When [plaintiff] needed medical attention, he was a pretrial detainee, not a person who had been convicted, and hence the Eighth Amendment did not apply." (citations omitted)); see also Demski v. Town of Enfield, No. 3:14CV01568(VAB), 2017 WL 486262, at \*9 (D. Conn. Feb. 6, 2017) ("A detainee who has not yet been convicted may bring a Section 1983 claim of deliberate indifference to medical needs under the Fourteenth Amendment, while a convicted prisoner may bring such a claim under the Eighth Amendment."). Accordingly, the Court construes plaintiff's Complaint to allege a claim against the John Doe Officer defendants of deliberate indifference to plaintiff's medical needs, in violation of his Fourteenth Amendment due process rights.

**\*3** As the Complaint contains no allegation that plaintiff was denied medical attention post-conviction, the Court recommends that plaintiff's claim of cruel and unusual punishment in violation of his Eighth Amendment rights be **DISMISSED, without prejudice**. Plaintiff may proceed against John Doe Officer 1 and John Doe Officer 2 on his claims of Fourth Amendment excessive force, Fourteenth Amendment deliberate indifference to medical needs, and intentional infliction of emotional distress.

However, plaintiff fails to identify the John Doe Officer defendants so that the United States Marshals may properly effectuate service upon them. Accordingly, **on or before May 26, 2017,** plaintiff shall file an amended complaint or other notice to the Court which specifically identifies John Doe Officer 1 and John Doe Officer 2 by name. Failure to do so may result in the dismissal of the Complaint with respect to these John Doe Officer defendants.

**2. Waterbury Police Department**

Plaintiff also names the Waterbury Police Department as a defendant, and seeks to hold it liable for "the municipal policy, procedure, and custom of use of excessive force and their officers not making reports or obtaining medical attention when force is used." Doc. #1 at 2. Plaintiff further alleges that the Waterbury Police Department "has a custom of turning a blind eye to underage drinking at night clubs in order to sustain overtime shifts and details for its officers at clubs." Id.

The Waterbury Police Department is not amenable to suit under section 1983. "Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983." Nicholson v. Lenczewski, 356 F. Supp. 2d 157, 164 (D. Conn. 2005). As the Waterbury Police Department "is neither a municipality nor a 'person' that can be sued under § 1983[,]" Jackson v. Waterbury Police Dep't, No. 3:11CV642(GWC), 2015 WL 5251533, at *3 (D. Conn. Sept. 8, 2015), the Court recommends that plaintiff's claims against this defendant be **DISMISSED, with prejudice**. See also Jones v. Waterbury Police Dep't, No. 3:04CV2137 (MRK), 2005 WL 1185723, at *2 (D. Conn. May 12, 2005) (dismissing claims against Waterbury Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as it is not subject to suit under 42 U.S.C. section 1983).[1]

[1] The Court notes that plaintiff has alleged the existence of a municipal policy relating to plaintiff's alleged constitutional deprivations. See Monell v. Dept. of Soc. Servs. of the City of N.Y., 436 U.S. 658, 694 (1978). However, the City of Waterbury is not a defendant to this action. Plaintiff may file an amended complaint that names the City of Waterbury as a defendant, if plaintiff wishes to pursue a claim of municipal liability.

### 3. Defendant Sin City

Finally, plaintiff alleges that defendant Sin City "exploits minors for financial gain" and that its security officers "failed to call an ambulance for the plaintiff who was brutally beaten in front of them on their property." Doc. #1 at 2. "Private parties are not proper defendants in a Section 1983 action unless the private parties were acting under color of state law." Jae Soog Lee v. Law Office of Kim & Bae, PC, 530 Fed.Appx. 9 (2d Cir. 2013); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50

(1999) ("The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (quotation marks and citations omitted)).

**\*4** There are situations in which a court may treat the actions of private individuals as state action for the purposes of section 1983, however, this case does not appear to present such an instance. Plaintiff has made no allegations that defendant Sin City acted in concert with the John Doe Officer defendants, nor does plaintiff allege that Sin City acted under color of state law. See Betts v. Shearman, 751 F.3d 78, 84-85 (2d Cir. 2014). Accordingly, any claims against defendant Sin City pursuant to section 1983 must be dismissed. However, because the Court cannot "rule out any possibility" that an amendment of the claims against private defendant Sin City would be futile, the Court recommends that these claims be **DISMISSED, without prejudice**.

The Court also construes plaintiff's Complaint to allege state law claims of negligence and intentional infliction of emotional distress as to defendant Sin City. As plaintiff has alleged cognizable federal claims against other defendants that "form part of the same case or controversy under Article III of the United States Constitution," the Court will exercise supplemental jurisdiction over these claims. 28 U.S.C. § 1367(a).

### IV. Conclusion

For the reasons set forth herein, the Court **GRANTS** plaintiff's Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**]. The Court recommends that plaintiff's Complaint be **DISMISSED, in part**. Specifically, the Court recommends that: (1) all claims against the Waterbury Police Department be **dismissed with prejudice;** (2) plaintiff's claim of cruel and unusual punishment pursuant to the Eighth Amendment be **dismissed, without prejudice;** and (3) any claims against defendant Sin City Nightclub pursuant to 42 U.S.C. § 1983 be **dismissed, without prejudice**.

Plaintiff may proceed on his current Complaint with his claims against John Doe Officer 1 and John Doe Officer 2 of excessive force, deliberate indifference to medical needs, and intentional infliction of emotional distress; and with his claims against Sin City Nightclub of negligence and intentional infliction of emotional distress. As noted above, plaintiff must file an amended complaint or a

2017 WL 1362683

notice to the Court identifying the John Doe Officer defendants by name **on or before May 26, 2017**, or his Complaint may be dismissed in its entirety. If plaintiff elects to file an amended complaint, the complaint should also remove the claims that have been dismissed with prejudice. If plaintiff wishes to proceed on his municipal liability claim, he must file an amended complaint naming the City of Waterbury as a defendant.

This is a recommended ruling. See Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order**. See Fed. R. Civ. P. 72(b)(2). Failure

to object within fourteen (14) days will preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(d) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989) (per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 12th day of April, 2017.

**All Citations**

Slip Copy, 2017 WL 1362683

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

2016 WL 3176653
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Janice E. Burke, Plaintiff,

v.

Tom Vonnard, Defendant.

5:15-CV-1133 (MAD/TWD)
|
Signed 06/07/2016

**Attorneys and Law Firms**

JANICE E. BURKE, 309 Westfall Street Syracuse, New York 13209, pro se.

**ORDER**

Mae A. D'Agostino, U.S. District Judge

**\*1** Plaintiff, Janice Burke, commenced this action *pro se* on September 21, 2015, against Defendant, Tom Vonnard. *See* Dkt. No. 1. Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1981, 1982, and 3604, 29 U.S.C. § 794, United States Tort Law alleging wrongful eviction by Defendant. Plaintiff filed an application to proceed in *forma pauperis. See* Dkt. Nos. 1 and 2.

On September 28, 2015, Magistrate Judge Thérèse Wiley Dancks issued an Order and Report-Recommendation granting Plaintiff's IFP application, recommending that Plaintiff's complaint be dismissed with leave to amend for failure to state a claim upon initial review under 28 U.S.C. § 1915(e)(2)(B)(ii), and further recommending that the District Court decline without prejudice to exercise supplemental jurisdiction over Plaintiff's state law wrongful eviction claim. *See* Dkt. No. 4 at 11.

A court may grant a motion to proceed in *forma pauperis* ("IFP") if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, ... it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

**\*2** When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (2009). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Dancks provided Plaintiff adequate notice that she was required to file any objections to the Order and Report–Recommendation, and specifically informed her that failure to object to any portion of the report would preclude her right to appellate review. *See* Dkt. No. 4 at 12. Specifically, Magistrate Judge Dancks informed Plaintiff that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72." *See* Dkt. No. 4 at 12. Magistrate Judge Dancks clearly provided Plaintiff with sufficient notice of the consequences of failing to object to the Order and Report–Recommendation.

42 U.S.C. § 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a) (1977). In order to establish a claim under § 1981, "a plaintiff must allege facts supporting

the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statutes enumerated activities." *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000) (citation omitted). Section 1982 states that "[a]ll citizens of the United states shall have the same right, in every State ... as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982 (1978). Section 1982 has been interpreted to prohibit "intentional discrimination" based solely on a person's "ancestry or ethnic characteristics." *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987) (citation and internal quotation marks omitted).

**\*3** As Magistrate Judge Dancks correctly found, Plaintiff has not identified her race or alleged in her complaint that she is a member of a protected class based on her ancestry or ethnic characteristics under 42 U.S.C. §§ 1981 and 1982. Nor has the Plaintiff set forth facts plausibly showing that Defendant intended to discriminate against her based on her race, ancestry or ethnic characteristics. Therefore, the Court finds the Plaintiff failed to state a claim under 42 U.S.C. §§ 1981 and 1982.

Section 3604 of the Fair Housing Act ("FHA") prohibits private actors in the housing market from engaging in certain discriminatory actions regarding those seeking housing. 42 U.S.C. § 3604 (2012). More specifically, § 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Section 3604(f)(1) makes it unlawful "[t]o discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter; (B) a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; or (C) any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(1).

Again, Magistrate Judge Dancks correctly determined that Plaintiff failed to present factual allegations in her complaint that Defendant evicted her from the Milton Avenue apartment because of her race, color, religion, sex, familial status, national origin, or because of a handicap. Therefore, the Court finds that Plaintiff has failed to state a claim under § 3604 of the FHA.

Section 504 of the Rehabilitation Act provides in pertinent part that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (1998); *Bryant v. N.Y.S. Educ. Dept.*, 692 F.3d 202, 216 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 2022. "An entity or person receiving housing assistance payments from a recipient on behalf of eligible families under a housing assistance payments program or voucher program is not a recipient or subrecipient merely by virtue of receipt of such payments." 24 C.F.R. § 8.3 (1989).

Plaintiff has failed to allege that she has a handicap or that Defendant evicted her solely on the basis of that handicap for purposes of stating a claim under § 504 of the Rehabilitation Act. Furthermore, Plaintiff's complaint does not set forth facts plausibly showing the receipt of federal funding by Defendant in connection with Plaintiff's rental of the Milton Avenue apartment or her eviction from the same. Plaintiff has alleged that she was the recipient of public assistance and that the Department of Social Services issued checks to Defendant for Plaintiff and her co-tenant's rent. However, those disbursements are insufficient to establish a claim against Defendant under § 504 of the Rehabilitation Act. *See Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 264 (E.D.N.Y. 2009) (recognizing that "an entity or person who receives housing assistance payments under a housing assistance payments program or a voucher program is not a 'recipient' of federal financial assistance by virtue of receipt of such payments" (quotation omitted)). Based on the foregoing, the Court finds that Plaintiff has failed to state a claim under § 504 of the Rehabilitation Act.

**\*4** Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Federal jurisdiction is available only when a "federal question" is presented,

when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000, or when supplemental jurisdiction is appropriate. 28 U.S.C. §§ 1331, 1332, and 1367. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have supplemental jurisdiction over all state-law claims that are so related to federal claims over which they exercise original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367(a). Application of supplemental jurisdiction is discretionary, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted).

When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 Fed. Appx 194, 195 (2d Cir. 2005) (internal citation omitted).

The allegations set forth in Plaintiff's complaint are analogous to a state law claim for wrongful eviction. Federal courts do not have jurisdiction over landlord-tenant matters unless they are so related to a federal question that a court finds supplemental jurisdiction appropriate. *See Galland v. Margules*, No. 05-CV-5639 (DC), 2005 WL 1981568, *5 (S.D.N.Y. Aug. 17, 2005) (noting that federal courts do not have federal question jurisdiction over state residential landlord-tenant matters), *aff'd*, 191 Fed. Appx. 23, 24 (2d Cir. 2006).

Since the Court has dismissed all of Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over her state-law claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Upon a review of the Order and Report-Recommendation, and considering that the parties have failed to object to any of Magistrate Judge Dancks' thorough and well-reasoned recommendations, the Court finds no clear error in Magistrate Judge Dancks' recommendations

WESTLAW © 2017 Thomson Reuters. No claim to original U.S. Government Works.

and hereby affirms and adopts the Order and Report-Recommendation as the opinion of the Court.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' September 28, 2015 Order and Report-Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.3d, 2016 WL 3176653

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

 © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 235523
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Loriann DEUEL and Lorraine Deuel, Plaintiffs,

v.

Frank T. DALTON; State of New York; New York
State Unified Court System; Philip J. Danaher, Esq.,
as the attorney appointed to act as Law Guardian
for BMD; Catherine Cholakis, as the presiding justice
of the Family Court assigned to this proceeding;
John & Jane Does 1–100, whose identities may or
may not be known but necessary parties to these
proceedings; ABC Corp's 1–100, those entities
whose identities are currently unknown, but
necessary parties to these proceedings, Defendants.

No. 1:11–CV–0637 (GTS/RFT).
|
Jan. 25, 2012.

Attorneys and Law Firms

Loriann and Lorraine Deuel, Unionville, TN, pro se.

### DECISION and ORDER

Hon. GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* civil
rights action filed by Loriann Deuel and Lorraine Deuel
("Plaintiffs") against the above-captioned defendants
(together "Defendants"), are (1) United States Magistrate
Judge Randolph F. Treece's Report–Recommendation
recommending that Plaintiff's Complaint be dismissed,
and (2) Plaintiffs' Objections to that Report–
Recommendation. (Dkt.Nos.4, 5.) For the following
reasons, the Report–Recommendation is accepted and
adopted, and Plaintiffs' Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Plaintiffs' Complaint

On June 8, 2011, Plaintiffs filed their Complaint
in this action. (Dkt. No. 1.) Generally, in their
Complaint, Plaintiffs allege that Defendants violated their

constitutional right to due process and equal protection
under 42 U.S.C. § 1983 in connection with various custody
proceedings involving Plaintiff Loriann's minor child,
BMD. (Dkt. No. 1 at 4.)

More specifically, construed with the utmost of special
liberality, Plaintiffs' Complaint asserts the following six
claims against Defendants: (1) Defendants New York
State Unified Court System and Cholakis violated, and/
or conspired to violate, Plaintiffs' due process rights under
the Fourteenth Amendment by, *inter alia,* improperly
(a) exercising jurisdiction over Plaintiffs during various
custody proceedings from 2002 to 2004, where no such
jurisdiction existed, (b) failing to notify her of various
of those court proceedings, (c) holding various of those
proceedings in her absence, and (d) awarding Defendant
Dalton custody of BMD, even though Defendant Dalton
had not established paternity; (2) Defendants New York
State Unified Court System and Cholakis violated,
and/or conspired to violate, Plaintiffs' equal protection
rights under the Fourteenth Amendment by denying
Plaintiffs their parental and familial rights; (3) Defendants
New York State Unified Court System, Cholakis and
Danaher committed, and/or conspired to commit, fraud
against Plaintiffs; (4) Defendants New York State Unified
Court System, Cholakis and Danaher suborned, and/or
conspired to suborn, perjury by Defendant Dalton; (5)
Defendant Cholakis, New York State Family Court Judge
committed judicial misconduct against Plaintiffs; and (6)
Defendant Danaher committed professional misconduct
against Plaintiffs. (Dkt. No. 1 at 30–34.)

For a more detailed recitation of Plaintiffs' claims, and
the factual allegations giving rise to those claims, reference
is made to Plaintiffs' Complaint and Magistrate Judge
Treece's Report–Recommendation in their entireties.
(Dkt.Nos.1, 4.)

### B. Magistrate Judge Treece's Report–Recommendation
On July 19, 2011, Magistrate Judge Treece issued a
Report–Recommendation recommending that Plaintiffs'
Complaint be dismissed for the following reasons: (1)
the Court lacks subject-matter jurisdiction over domestic
relations matters, including those related to child custody;
(2) Plaintiffs' claims are barred by the applicable statute
of limitations; and (3) Plaintiff has failed to state a claim
upon which relief can be granted pursuant to 28 U.S.C. §
1915(e)(2). (*See generally* Dkt. No. 4.)

#### C. Plaintiffs' Objections to the Report–Recommendation

**\*2** On August 1, 2011, Plaintiffs filed their Objections to the Report–Recommendation. (Dkt. No. 5.) Generally, liberally construed, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs have stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not barred by the applicable statute of limitations because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In addition, in their Objections, Plaintiffs seek leave to file an Amended Complaint, which Plaintiffs purport would do the following: (1) remove Defendant Cholakis from this action "pursuant to judicial immunity statutes"; (2) "remove the habeas corpus request"; and (3) include recent civil rights violations in an effort "to clear up misunderstandings regarding jurisdiction, timeliness, and the statement of claims." (Dkt. No. 5 at 6.)

## II. RELEVANT LEGAL STANDARDS

#### A. Standard of Review Governing a Report–Recommendation

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). [1] When performing such a *de novo* review, the Court "may ... receive further evidence...." 28 U.S.C. § 636(b) (1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. [2]

[1] *See also Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir.2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his

Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994) ("In objecting to a party's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U.S. v. Raddatz,* 447 U.S. 667, 676, n. 3, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed.R.Civ.P. 72(b)(2) and (3); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [3] Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation to a clear error review. [4] Finally, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error. Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [5]

3   *See also Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *2–3 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion,* 175 F.3d 1007 (2d Cir.1999); *Vargas v. Keane,* 93–CV–7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd,* 86 F.3d 1273 (2d Cir.), *cert. denied,* 519 U.S. 895, 117 S.Ct. 240, 136 L.Ed.2d 169 (1996).

4   *See Mario,* 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed.R.Civ.P. 72(b) or Local Civil Rule 72.3(a) (3)."); *Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady,* 09–CV–0924, 2010 WL 3761902, at *1, n. 1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue,* 07–CV–1077, 2010 WL 2985968, at *3 & n. 3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole,* 04–CV–0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan.18, 2006) (Sharpe, J.).

5   *See also Batista v. Walker,* 94–CV–2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." [internal quotations marks omitted.] ).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C).

## B. Legal Authority for Reviewing a Complaint *Sua Sponte*

**\*3**  Under the circumstances, the Court's authority to *sua sponte* review Plaintiffs' Complaint stems from three separate sources. (1) Fed.R.Civ.P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

that action"; (2) 28 U.S.C. § 1915(e)(2) (B), which provides that, when a plaintiff seeks to proceed *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that—... the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; and (3) the Court's inherent power to manage its docket.

With regard to the second of the three above-described authorities, the Court notes that the dismissal of an action as barred by the applicable statute of limitation may fall within the ambit of the Court's power to dismiss a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e). [6]  In addition, the dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint which is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). [7]

6   *See Pino v. Ryan,* 49 F.3d 51, 54 (2d Cir.1995) ("Nothing ... suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) [section 1915(e) as amended] prior to service of te complaint."); *accord, Pratts v. Coombe,* 49 F. App'x 392, 393 (2d Cir.2003).

7   *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive" and dismissed under the authority of Section 1915[e] ); *Buckenberger v. Reed,* 10–CV–0856, 2010 WL 1552672, at *1 (E.D.La. Mar.16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Smith v. Ferrell,* 09–CV–0466, 2010 WL 653798, at *2–3 (S.D.Ala. Feb.18, 2010) (dismissing action because claims were duplicative of those in another pending action); *Williams v. Bunn,* 06–CV–0466, 2007 WL 1703816, at *2 (W.D.N.Y. Jun.7, 2007) (dismissing "religious claim" with prejudice because it was "repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve"); *Hahn v. Tarnow,* 06–CV–12814, 2006 WL 2160934, at *1 (E.D.Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *Blake v. Bentsen,* 95–CV–2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul.11, 1995) (dismissing "repetitious litigation" as abusive and malicious); *Denton v. Hernandez,* 504 U.S. 25, 30, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (recognizing

Congress's concern in 28 U.S.C. § 1915 that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

With regard to the third of the three above-described authorities, it is well settled that a district court has the power to *sua sponte* dismiss *pro se* complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee). It is also well settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000); *see also Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("As between federal district courts, ... though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952). [8] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir.1991). [9]

[8]    The Second Circuit affirmed the dismissal of an action which "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky,* 24 F. App'x 26, 28 (2d Cir.2001).

[9]    The rule against duplicative litigation is distinct from, but related to, the doctrine of claim preclusion or *res judicata,* and the two doctrines serve some of the same policies. As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,'

regarding the matters at issue in the second suit." *Id. at 124.*

## C. Legal Standard Governing Dismissal Based on Lack of Subject–Matter Jurisdiction

Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on lack of subject-matter jurisdiction in his Report–Recommendation. (Dkt. No. 4 at 2–3.) As a result, that standard is incorporated herein by reference in this Decision and Order.

## D. Legal Standard Governing Dismissal Based on Expiration of Statute of Limitations

 **\*4**  Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on the expiration of the relevant statute of limitations in his Report–Recommendation. (Dkt. No. 4 at 3–4.) As a result, that standard is incorporated herein by reference in this Decision and Order.

## E. Legal Standard Governing Dismissal Based on Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.,* 549 F.Supp.2d 204, 211, nn. 15–16 (N.D.N.Y.2008) (McAvoy, J., adopting Report–Recommendation on *de novo* review).

Because Plaintiffs' Complaint is dismissed based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[ ]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed.R.Civ.P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal." *Jackson,* 549 F.Supp.2d at 212, n. 20 (citing Supreme

WESTLAW    © 2017 Thomson Reuters. No claim to original U.S. Government Works.    4

Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson,* 549 F.Supp.2d at 212, n .17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson,* 549 F.Supp.2d at 212, n. 18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F.Supp.2d 203, 213 & n. 32 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12–61 (3d ed.2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp .2d at 213, n. 22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–52, 173 L.Ed.2d 868 (2009).

**\*5** Most notably, in *Bell Atlantic Corp. v. Twombly,* the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 127 S.Ct. at 1968–69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965–74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id .* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." *Iqbal,* 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.,* it "does not impose a probability requirement." *Twombly,* 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

**\*6** This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed.R.Civ.P. 8, 10 and 12.[10] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed.R.Civ.P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[11] Stated more simply, when a plaintiff is proceeding *pro se,* "all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F.Supp.2d at 214, n. 28 [citations omitted].[12]

10    *See Vega v. Artus,* 610 F.Supp.2d 185, 196 & nn. 8–9 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

11    *See Vega,* 610 F.Supp.2d at 196, n. 10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

12    It should be emphasized that Fed.R.Civ.P. 8's plausibility standard, explained in *Twombly,* was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus,* in which (when reviewing a *pro se* pleading) the Court stated, *"Specific facts are not necessary"* to successfully state a claim under Fed.R.Civ.P. 8(a) (2). *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law—first offered in *Conley* and repeated in *Twombly*—that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly,* 127 S.Ct. 1965, n. 3 (citing *Conley,* 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F.Supp.2d at 214 & n. 35 (explaining holding in *Erickson* ).

**F. Legal Standard Governing Dismissal Based on Duplicative Nature of Action**

Although no precise test has been articulated for determining whether actions are duplicative, "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1551 (11th Cir.1986). "Courts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn,* 2006 WL 2160934, at *3.

It is worth noting that district courts have broad discretion in determining whether an action should be dismissed as duplicative. *Lopez v. Ferguson,* 361 F. App'x 225, 226 (2d Cir.2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within

the certified class). [13] There are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *Curtis,* 226 F.3d at 138. In addition, "simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138–39. [14]

13    *See also Flemming v. Wurzberger,* 322 F. App'x 69, 71 (2d Cir.2009); *Curtis,* 226 F.3d at 138.

14    *See also Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C.Cir.1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir.1977) (en banc ).

**G. Legal Standard Governing Dismissal Based on Doctrines of Res Judicata and/or Collateral Estoppel**

Claim preclusion, also sometimes referenced to as res judicata, requires that a final judgment of an action on the merits be given preclusive effect, barring parties, as well as those in privity with them, from relitigating claims which were or could have been raised in the prior action. *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286–87 (2d Cir.2002); *see also Fay v. South Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28 (2d Cir.1986) (citing *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398 [1981] ), *overruled on other grounds, Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768 (2d Cir.2002).

Issue preclusion, a more narrow doctrine often referred to as collateral estoppel, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been actually and necessarily decided against that party or its privy. *McKithen v. Brown,* 481 F.3d 89, 105 (2d Cir.2007); *Marvel,* 310 F.3d at 288–89.

**III. ANALYSIS**

**\*7** As stated above in Part I.C. of this Decision and Order, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does not have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs, indeed, stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the

action is not time-barred because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In accordance with N.D.N.Y. L.R. 72.1(c), the Court finds the first and second objections are specific in nature because Plaintiffs identified the portions of Magistrate Judge Treece's Report–Recommendation to which they object with particularity, and Plaintiffs cited (albeit improper) legal authority in an effort to support their objections. (*See generally* Dkt. No. 5.) As a result, the Court subjects those portions of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1) (C).

Plaintiffs' third objection, however, is only general in nature. Although Plaintiffs specifically identify the portion of the Report–Recommendation to which they object, they fail to provide any legal basis for the objection. (*See generally* Dkt. No. 5 at 4–6 .) As a result, the Court reviews that portion of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object for only clear error. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

After carefully subjecting Magistrate Judge Treece's Report–Recommendation to the appropriate level of review, the Court finds no error in the Report–Recommendation. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report–Recommendation is accepted and adopted in its entirety for the reasons stated therein. The court would add only five brief points.

First, those portions of Magistrate Judge Treece's Report–Recommendation that the Court has reviewed only for clear error (e.g., the holding that Plaintiffs' claims are barred by the statute of limitations) would survive even a *de novo* review.

Second, Plaintiff's argument that the Court need not "become enmeshed in factual disputes" (and thus it does have subject-matter jurisdiction in this case) is without merit for several reasons. For example, to determine whether Plaintiffs' due process rights were violated, the Court would inevitably have to engage in a factual inquiry regarding the custodial placement of BMD with Defendant Dalton. The Court might, for example, need to evaluate the same facts the state court did in making its custody determination in the first place. Doing so, however, would violate the general rule that domestic relations matters are primarily matters for state courts.

**\*8** Third, Plaintiffs' action appears largely duplicative of two previously filed actions: (1) *Deuel v. Dalton,* 06–CV–0234, Complaint (M.D. Tenn. filed March 23, 2006); and (2) *Deuel v. Dalton,* 11–CV–0466, Complaint (M.D. Tenn. filed May 16, 2011). While the first of these two actions appears to have been dismissed only without prejudice, [15] the second of these two actions is still pending in the Middle District of Tennessee-contributing to the waste of judicial resources, and running the risk of inconsistent rulings and preclusion by collateral estoppel. [16] The Court notes that in May 20011 an Order was issued in the second action, referring the case to a magistrate judge for a review of whether the action is frivolous. *Deuel v. Dalton,* 11–CV–0466, Order (M.D. Tenn. filed May 18, 2011) (Trauger, J.). As a result, this action is dismissed based also on this alternative ground.

[15]    *Deuel v. Dalton,* 06–CV–0234, Memorandum and Order (M.D. Tenn. filed August 15, 2006) (Trauger, J.). *See also Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir.1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

[16]    For example, both the second action and the action before this Court present claims against Frank Dalton, John and Jane Does 1–100, and ABC Corp's 1–100, for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment (as well as fraud and conspiracy), arising from, *inter alia,* the unfavorable rulings Plaintiff Loriann Deuel received in child-custody proceedings in New York State court from 2002 to 2004 due to the alleged misconduct of Dalton, Family Court Judge Catherine Cholakis and Law Guardian Phillip J. Danaher. *See Deuel v. Dalton,* 11–CV–0466, Complaint, at 4–5, 9–12, 15–18, 30–32 (M.D. Tenn. filed May 16, 2011).

Fourth, Plaintiffs' claims against New York State Unified Court System and Cholakis are barred by the Eleventh Amendment and the doctrine of absolute immunity. [17] Similarly, Plaintiffs' claims against Defendant Danaher are barred by the doctrine of qualified immunity (if not also the doctrine of absolute immunity). Moreover, Plaintiffs' Complaint does not allege facts plausibly

suggesting that Defendant Dalton is a state actor for purposes of 42 U.S.C. § 1983. Furthermore, Plaintiffs' Complaint does not allege facts plausibly suggesting the personal involvement of Defendants John and Jane Does 1–100 and ABC Corp's 1–100 in any of the violations alleged. (*See generally* Dkt. No. 1.) Finally, Plaintiffs' Complaint does not allege facts plausibly suggesting that Plaintiff Lorraine Deuel has standing to assert any claims in this action (or even that she bears any familial or custodial relationship to BMD). (*Id.*) [18] Simply stated, additional pleading defects plague Plaintiffs' claims against each of the Defendants in this action, as well as each of the claims asserted by Plaintiff Lorraine Deuel. As a result, this action is dismissed based also on this alternative ground.

[17]  The Court notes that, in their Objections and Complaint, Plaintiffs' acknowledge that (1) their claims against Defendant Cholakis are barred by the doctrine of absolute immunity, and (2) their claims against Defendant New York State Unified Court System are based on their claims against Defendant Cholakis (pursuant to the doctrine of respondeat superior). (Dkt. No. 5, at 6; Dkt. No. 1, at 31.)

[18]  The Court notes that Plaintiffs' argument in their Objections that Lorraine Deuel was a party to "a recent appellate decision" is simply not sufficient to state the claims in question. (Dkt. No. 5, at 6.)

Fifth, and finally, Plaintiffs' request for leave to amend their Complaint is denied because the numerous pleading defects in Plaintiff's Complaint are substantive rather than formal. [19] As a result, the Court sees no need to *sua sponte* grant Plaintiffs leave to amend those claims before it dismisses them. [20]

[19]  For example, lack of subject-matter jurisdiction and the expiration of the statute of limitations are substantive defects. *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.,* 152 F.Supp.2d 443, 455 (S.D.N.Y.2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject-matter jurisdiction over this action."); *Chan v. Reno,* 916 F.Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] ... presents a non-

justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile."); *Grace v. Rosenstock,* 228 F.3d 40, 53 (2d Cir.2000) ( "Amendment would likely be futile if ... the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *accord, In re WorldCom, Inc. Securities Litigation,* 303 F.Supp.2d 385, 390 (S.D.N.Y.2004).

[20]  *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (finding that denial of leave to amend is not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.") (citations omitted); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ("[W]here ... there is no merit in the proposed amendments, leave to amend should be denied"); *Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report–Recommendation (Dkt. No. 4) is ***ACCEPTED*** and ***ADOPTED*** in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is ***DISMISSED*** in its entirety.

*The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.*

**Deuel v. Dalton, Not Reported in F.Supp.2d (2012)**
Case 5:17-cv-01125-GTS-TWD    Document 8    Filed 11/06/17    Page 31 of 31
2012 WL 235523

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 235523

---

**End of Document**                                    © 2017 Thomson Reuters. No claim to original U.S. Government Works.